**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4635**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDDIE ALEXANDER LONG,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-457)

Submitted: September 21, 2005      Decided: October 14, 2005

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Opinion reinstated; sentence affirmed by unpublished per curiam opinion.

S. Benjamin Bryant, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the Supreme Court. We previously affirmed Eddie Alexander Long's conviction. United States v. Long, No. 03-4635 (4th Cir. Apr. 16, 2004) (unpublished). The Supreme Court vacated our decision and remanded Long's case to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

Long contends that the district court erred in sentencing him under the mandatory guideline system based on its finding by a preponderance of the evidence that he was an elected official. See U.S. Sentencing Guidelines Manual § 2C1.7(b)(1)(B) (2002). Long also asserts that he should be resentenced because the district court treated the guidelines as mandatory, and he could have received a lesser sentence under the advisory guideline system.

Because these claims were not raised in the district court, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). After Booker, any fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by the jury verdict must be admitted by the defendant. 125 S. Ct. at 756. Here, there was no factual dispute. The defendant admitted, and continues to admit, in his sworn testimony and his briefs, that he was an elected official. This dispute is a legal one--whether the

- 2 -

guideline applies to the facts of his case.* Thus, there was no factual dispute and, correspondingly, no Sixth Amendment error under <u>Booker</u>.

The next issue is whether the court erred by applying the sentencing guidelines as mandatory and whether Long can meet his burden of showing that the error affected his substantial rights. <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 223 n.10 (4th Cir. 2005); <u>see also</u> <u>United States v. Olano</u>, 507 U.S. 725, 734-35 (1993) (under plain error test, defendant bears burden of proving that error affected substantial rights). In <u>White</u>, we held that treating the guidelines as mandatory is plain error. 405 F.3d at 216-17. We declined to presume prejudice, however, <u>id.</u> at 219, and held that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." <u>Id.</u> at 223. To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." <u>Id.</u> at 224. Because the record in <u>White</u> provided no nonspeculative basis suggesting that the court would have sentenced the defendant to a different sentence had the guidelines been advisory instead of

---

*Long contends that the policies underlying the guideline will not be furthered by application of the guideline in his case.

- 3 -

mandatory, we concluded that the error did not affect the defendant's substantial rights. Id. at 225. Thus, we affirmed the sentence. Id.

Here, the court sentenced Long in the middle of the applicable range and did not indicate that it would have given him a lower sentence had it not been constrained by the guidelines. The record provides no reason to believe that the court would have altered its sentence had the guidelines been advisory at the time. Thus, like in White, Long cannot show that the error affected his substantial rights.

Accordingly, we reinstate our April 16, 2004 opinion and affirm Long's sentence after our reconsideration in light of Booker. We deny the Government's motion to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

OPINION REINSTATED;
SENTENCE AFFIRMED